UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SCOTT C. COLE, MICHAEL HUNTER,
and SMART LOCAL 278,

    Plaintiffs,

v.

Case No. 11-11590
Hon. Sean F. Cox

SHEET METAL, AIR, RAIL AND
TRANSPORTATION WORKERS (SMART),

    Defendant.
_____/

## OPINION AND ORDER

### I. INTRODUCTION

This matter is before the Court on Plaintiffs' Motion for Civil Contempt [dkt. 29]. Defendant filed a response, Plaintiffs filed a reply, and the parties filed supplemental briefs with the Court's permission. The Court finds that the facts and legal arguments are adequately presented in the parties' papers such that the decision process would not be significantly aided by oral argument. Therefore, pursuant to E.D. Mich. L.R. 7.1(f)(2), it is hereby ORDERED that the motion be resolved on the briefs submitted, without oral argument. For the reasons set forth below, Plaintiffs' motion is GRANTED IN PART and DENIED IN PART.

### II. BACKGROUND

This case stems from allegations that the labor organization Sheet Metal, Air, Rail and Transportations Workers (SMART) ("Defendant") violated the Labor-Management Reporting and Disclosures Act of 1959 ("LMRDA"), 29 U.S.C. §403(d). SMART Local 278 ("Local 278"), Scott C. Cole (Chairman of Local 278), and Michael Hunter (President of Local 278)

(together, "Plaintiffs") filed a single-count amended complaint on February 10, 2014, alleging that Defendant violated the LMRDA when it

> infringed on Plaintiffs' free speech rights by revoking the charter of Local 278 in violation of the [union's] Constitution; in failing to return members to Local 278 that were wrongfully removed; in wrongfully failing to allow members to transfer [into] Local 278; and in wrongfully refusing to place new members into Local 278 in retaliation for Plaintiffs exercising their free speech rights.

Dkt. 24, p. 10, ¶ 48.

On April 9, 2014, the Court entered a Consent Judgment as a result of the parties "having entered into an agreement with one another as to settlement of the outstanding issues." Dkt. 28. The Consent Judgment provides in pertinent part:

> 1. IT IS HEREBY ORDERED AND ADJUDGED that Defendant SMART will return all former members of UTU Local 278 to SMART Local 278 within 30 days of the entry of this Consent Judgment (see list of members attached on Exhibit A, Group A);
>
> 2. IT IS FURTHER ORDERED AND ADJUDGED that Defendant SMART will process the transfer requests of members to SMART Local 278 within 30 days of the entry of this Consent Judgment (see list of members attached on Exhibit A, Group B);
>
> \*   \*   \*
>
> 5. IT IS FURTHER ORDERED AND ADJUDGED that Defendant SMART will reimburse SMART Local 278 for costs and attorney fees expended by SMART Local 278 and its predecessor, UTU Local 278, in connection with this litigation.

Dkt. 28.

On August 21, 2014, Plaintiffs filed their Motion for Civil Contempt [dkt. 29], alleging that Defendant failed to comply with the above-referenced terms of the Consent Judgment. Defendant filed a response on September 4, 2014 [dkt. 30]. Plaintiffs filed a reply on September 15, 2014 [dkt. 31]. The parties then filed supplemental briefs [dkts. 33 & 35] pursuant to a

Stipulated Order Permitting Additional Briefing Regarding New Factual Developments for Plaintiffs' Motion for Contempt [dkt. 34].

### III. ANALYSIS

Plaintiffs request a finding of civil contempt against Defendant, the payment of membership dues lost as a result of Defendant's failure to transfer members to Local 278 as required by the Consent Judgment, and the reimbursement of attorney's fees and costs related to prosecuting this motion. In order to hold Defendant in contempt, Plaintiffs must demonstrate by clear and convincing evidence that Defendant "violated a definite and specific order of the court requiring [it] to perform or refrain from performing a particular act or acts with knowledge of a court's order." *Electrical Workers Pension Trust Fund of Local Union # 58, IBEW, et al., v. Gary's Electric Serv. Co.*, 340 F.3d 373, 379 (6th Cir. 2003) (citation omitted). Once Plaintiffs establish their prima facie case, the burden shifts to Defendant "who may defend by coming forward with evidence showing that [it] is *presently* unable to comply with the Court's order." *Id.* (emphasis in original) (quoting *United States v. Rylander*, 460 U.S. 752, 757, (1983) ("[w]here compliance is impossible, neither the moving party nor the court has any reason to proceed with the civil contempt action. It is settled, however, that in raising this defense, the defendant has a burden of production.")). To satisfy this burden in the Sixth Circuit, "[Defendant] must show categorically and in detail why [it] is unable to comply with the court's order." *Rolex Watch U.S.A., Inc. v. Crowley*, 74 F.3d 716, 720 (6th Cir.1996) (quotation omitted). When evaluating a litigant's failure to comply with a court order, the Court must consider whether the litigant "took all reasonable steps within [its] power to comply with the court's order." *Peppers v. Barry*, 873 F.2d 967, 969 (6th 1989) (quotation and citations omitted).

"[The] primary purposes of civil contempt are to compel obedience to a court order and

compensate for injuries caused by noncompliance. The award of attorney's fees and expenses to a successful movant may be appropriate in a civil contempt proceeding" *TWM Mfg. Co., Inc., v. Dura Corp.*, 722 F.2d 1261, 1273 (6th Cir. 1983) (citations omitted).

**A.    Returning the Former Members back to Local 278**

Plaintiffs allege Defendant failed to return former Local 278 members Noah Bukis and Ryan Schaffer back to Local 278 as required by the Consent Judgment. Defendant countered that, at the time Defendant filed its response, neither Bukis nor Schaffer were members of Defendant's union. Thus, Defendant claimed it was unable to comply with this aspect of the Consent Judgment because it could not transfer an individual to another union unless that individual was presently a member of Defendant's union.

Bukis applied for readmission to Local 278 after the briefing period of the instant motion. In October 2014, Defendant promptly processed Bukis' application, retroactive to August 1, 2013. Schaffer, however, was not transferred because he is still not a member of Defendant's union. Therefore, because Bukis is presently a member of Local 278, and Schaffer is no longer a member of Defendant's union and thus cannot be transferred to Local 278, the Court finds Plaintiffs' Motion for Civil Contempt moot as it pertains to the transfer of Bukis and Schafer.

The parties also separately requested that the Court award costs and attorney's fees expended in relation to this aspect of Plaintiffs' motion. The parties' respective requests are denied. The Court finds that neither Plaintiffs' motion nor Defendant's conduct regarding this issue were unreasonable. Plaintiffs filed their motion in good faith because Defendant failed to comply with this aspect of the Consent Judgment. Nonetheless, the Court is also satisfied that Defendant reasonably believed it was unable to comply with this aspect of the Consent Judgment when the motion was initially briefed. Indeed, an individual may not be transferred from

Defendant's union to Plaintiffs' Local 278 if that individual is not a member of Defendant's union. Thus, the Court finds that neither party is entitled to costs or attorney's fees regarding this issue.

## B.  Processing the Transfer Applications

Plaintiffs allege Defendant failed to transfer ten members to Local 278 as required by the Consent Judgment. Indeed, Defendant failed to process the membership transfer applications of the ten individuals expressly listed in Exhibit A, Group B of the Consent Judgment within 30 days of the entry of the Consent Judgment. *See* Dkt 28, p. 4. Despite signing the Consent Judgment, Defendant subsequently claimed it could not transfer the members because the transfer applications were completed more than 18 months before Defendant filed its response in the instant matter. Therefore, Defendant claimed it could not process the applications without violating the Railroad Labor Act ("RLA"), which protects employees' freedom to select the collective bargaining representatives of their choice. *See generally* 45 U.S.C. § 152. Defendant claimed it could not risk violating the RLA by processing the transfer requests when Defendant legitimately doubted that the ten individuals listed in Exhibit A, Group B of the Consent Judgment still sought a transfer to Local 278. Defendant instead demanded that each individual sign a letter indicating their continued desire to join Local 278. Plaintiffs refused this demand on the ground that Defendant's verification step was an additional condition not included in the language of the Consent Judgment.

"In an attempt to resolve the situation after the briefing of the Contempt Motion," Defendant transferred the ten individuals listed in Exhibit A, Group B of the Consent Judgment to Local 278 in October 2014. Dkt. 33, p. 2. Given Defendant's delay in processing the transfer applications—many of which were signed as early as December 2012—six of the ten individuals

at issue promptly requested that they be transferred back to a different union after Defendant finally processed the original applications. These six individuals had apparently become active in a different union and no longer desired a transfer to Local 278. In its supplemental brief, Defendant argues that these transfers caused Defendant "significant trouble and embarrassment" and that its concerns regarding the validity of the membership applications were justified.

Because Defendant processed the transfer applications of the ten individuals listed in Exhibit A, Group B of the Consent Judgment, the Court finds the substance of Plaintiffs' motion moot as it pertains to Defendant's failure to timely transfer the ten individuals at issue.

Plaintiffs also requested that the Court award the payment of membership dues lost a result of Defendant's failure to timely transfer the members as required by the Consent Judgment, as well as the reimbursement of attorney's fees and costs related to prosecuting the instant motion. Plaintiffs' requests are granted.

The Court finds that Defendant initially failed to comply with the plain, unambiguous terms of the Consent Judgment. The Court is not persuaded by Defendant's argument that it was unable to process the transfer applications without interfering with the employees' choice of representation under the RLA. Defendant's argument is unreasonable and illogical: the employees in question selected Local 278 as their collective bargaining unit when they completed the transfer applications at issue and Defendant failed to raise any concerns regarding the timeliness of the applications when it executed the Consent Judgment. The Court also is not persuaded by Defendant's contention that Plaintiffs caused the delay in transferring these ten individuals. Rather, the Court finds the delay was not only caused by Defendant's conduct giving rise to this action, but was also exacerbated by Defendant's subsequent failure to comply with the Consent Judgment. It was Defendant that interfered with the employees' choice of

representation by requesting an extra verification step—an obstacle with no basis in the clear, unambiguous language of the Consent Judgment. Defendant's failure to explain its decision to comply with the Consent Judgment after the briefing period of this motion is indicative of its unreasonableness. Specifically, although Defendant argued in its response that it could not comply with the Consent Judgment for fear of violating federal law, it offers no explanation regarding its sudden ability to comply with the Consent Judgment months later.

The Court finds that Plaintiffs incurred additional costs and attorney's fees by prosecuting the instant motion for the purpose of compelling Defendant to comply with the Consent Judgment. The Court further finds that Plaintiffs are entitled to any membership dues lost as a result of Defendant's failure to comply with this aspect of the Consent Judgment. Accordingly, the Court grants Plaintiffs' motion as it pertains to Plaintiffs' request for: (a) an award of costs and attorney's fees expended in prosecuting the portion of their motion pertaining to the transfer of the ten individuals listed in Exhibit A, Group B of the Consent Judgment, and (b) the payment of lost membership dues of those ten individuals during the period beginning thirty days after the entry of the Consent Judgment and ending the date Defendant processed the transfer applications. The Court therefore ORDERS Plaintiffs to submit to the Court, within 20 days of the date of this Opinion and Order, an itemized list of: (a) billings associated with preparing and filing the instant motion (including the supplemental briefing) as it pertains to the transfer of the ten individuals listed in Exhibit A, Group B of the Consent Judgment, and (b) the membership dues for the aforementioned timeframe, including any applicable calculations.

**C.**     **Costs and Attorney's Fees**

Plaintiffs allege Defendant failed to reimburse the entirety of the $13,804.12 in costs and

attorney's fees Plaintiffs expended in connection with this litigation, as required by the Consent Judgment. Specifically, Plaintiffs claim Defendant has only reimbursed $6,304.12 of costs and attorney's fees, leaving $7,500.00 of the total $13,804.12 unpaid. Defendant initially refused to pay the additional $7,500 sought by Plaintiffs on the grounds that Plaintiffs provided Defendant with a statement of accounts receivable listing an "Ending Balance Total" of $6,304.12. *See* Dkt. 30, Ex. 3. Thus, Defendant maintained that its check in the amount of $6,304.12 was offered in good faith for the purpose of satisfying the Consent Judgment.

Following the briefing period of the instant motion, Defendant sent Plaintiffs a check in the amount of $7,500. Therefore, because Defendants paid Plaintiffs $13,804.12 in costs and attorney's fees, the Court finds Plaintiffs' Motion for Civil Contempt moot as it pertains to the reimbursement of costs and attorney's fees under the Consent Judgment.

The parties also separately requested that the Court award costs and attorney's fees expended in relation to this aspect of Plaintiffs' motion. The parties' respective requests are denied. The Court finds that neither Plaintiffs' motion nor Defendant's conduct regarding this issue were unreasonable. Plaintiffs filed their motion in good faith because Defendant failed to comply with this aspect of the Consent Judgment, however, the Court is satisfied Defendant reasonably believed it had complied with the Consent Judgment when the motion was initially briefed. Defendant reasonably relied on the $6,304.12 "Ending Balance Total" provided in Plaintiffs' statement of accounts receivable. Therefore, the Court finds that neither party is entitled to costs or attorney's fees regarding this issue.

### IV. CONCLUSION

Accordingly, and for the reasons set forth above, IT IS HEREBY ORDERED that

Plaintiffs' Motion for Civil Contempt [dkt. 29] is GRANTED IN PART and DENIED IN PART. The motion is GRANTED as it pertains to Plaintiffs' request for: (a) an award of costs and attorney's fees expended in prosecuting the portion of the motion pertaining to the transfer of the ten individuals listed in Exhibit A, Group B of the Consent Judgment, and (b) the payment of lost membership dues of those ten members for the timeframe beginning thirty days after the entry of the Consent Judgment and ending the date Defendant processed the transfer applications. The remainder of the motion is DENIED.

IT IS FURTHER ORDERED that Plaintiffs submit to the Court, within 20 days of the date of this Opinion and Order, an itemized list of: (a) billings associated with preparing and filing the instant motion (including the supplemental briefing) as it pertains to the transfer of the ten individuals listed in Exhibit A, Group B of the Consent Judgment, and (b) lost membership dues for the aforementioned timeframe, including any applicable calculations.

IT IS SO ORDERED.

Dated: July 16, 2015

s/ Sean F. Cox
Sean F. Cox
U. S. District Judge

I hereby certify that on July 16, 2015, the document above was served on counsel and/or the parties of record via electronic means and/or First Class Mail.

s/ Jennifer McCoy
Case Manager